BOARD OF GOVERNORS
OF THE
FEDERAL RESERVE SYSTEM
WASHINGTON, D. C. 20551

ADDRESS OFFICIAL CORRESPONDENCE
TO THE BOARD

June 29, 2022

Christopher M. Wolpert
Clerk, United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re:     *Frank E. Smith and Mark A. Kiolbasa v. Board of Governors of the Federal
        Reserve System*, No. 21-9538

Dear Mr. Wolpert:

        We write in response to Petitioners' submission of *Calcutt v. FDIC*, No. 20-4303 (6th
Cir. June 10, 2022), as supplemental authority.  Not only is *Calcutt*'s exhaustion holding
distinguishable, but the case supports the Board's relief and merits arguments.

        *Calcutt* held that administrative exhaustion of a removability challenge involving FDIC
*members*[1] "would have been futile," Op. at 20, but Petitioners here raise a different challenge
involving *ALJs*, which could have been addressed administratively.  FDIC members have
exclusive responsibility for final decisions, 12 U.S.C. § 1818(h)(1), but ALJs' duties can be
reassigned to Board members.  5 U.S.C. § 553(b)(1)-(2); 12 C.F.R. §§ 263.4, 263.55; Op. at 29.
Had Petitioners administratively raised their challenge, the Board could have reassigned the
proceeding to officials unaffected by the alleged constitutional infirmity.

        Moreover, *Calcutt* did not hold that agencies can never address structural constitutional
challenges, thus categorically excusing exhaustion.  Rather, it found that the FDIC previously
expressed doubts that it could "determine the constitutionality of statutes," and its decisions on
structural challenges concerning ALJs "did not concern a separation-of-powers challenge to the
FDIC [itself]."  Op. at 19-20, 20 n.6.  However, Petitioners' challenge concerns ALJs, and the
Board has demonstrated it will consider structural challenges in this context.  *E.g.*, *In re
Jiampietro*, 2018 WL 2945814, at *1-2 (F.R.B. June 6, 2018) (staying proceedings "to permit the
Board to evaluate Respondent's Appointments Clause argument").

        Notably, *Calcutt* also held that "vague, generalized allegations" of harm, like those made
here, preclude relief for allegedly unconstitutional removal protections, and therefore declined to
adjudicate the removal challenges before it.  Op. at 23-28.  Although Petitioners attempt to
distinguish *Calcutt* by implying the administrative record there was materially developed, this is

---

[1] *Calcutt* did not address exhaustion of a separate challenge concerning ALJ removal that *was*
raised administratively.  Op. at 15.

undoubtedly wrong because the *Calcutt* challenge involving FDIC members was first raised *after* the administrative hearings.

Lastly, we note that *Calcutt* expressed very strong doubt that ALJ removal protections are unconstitutional, given the nature of ALJs' duties and the agency's option not to utilize them, Op. at 29-30, consistent with the Board's position here.

Respectfully Submitted,

/s/ Yonatan Gelblum
Yonatan Gelblum

*Attorney for Respondent Board of Governors of the Federal Reserve System*